J. BRUCE NACCARI, Judge Pro Tem.
This is an appeal by the husband from a judgment of separation.
Timothy J. Conrad and Tonya A. Conrad separated in May, 1985 after approximately fifteen months of marriage. The husband filed a petition of separation which the wife answered with a reconventional demand. After a number of motions relative to alimony and custody of the child of the marriage, Timothy, Jr., the parties agreed to have the matter heard on June 28, 1985. They stipulated that their separation was based upon mutual fault, to joint custody with the child residing with the mother, and to specific visitation rights. The judge decreed a judgment of separation based on mutual fault and fixed child support at $40.00 per week plus ordinary and regular medical treatment for the child to be paid by the father. He further ordered the father to “return the child’s furniture so at least the child has a place to live with furniture.” A judgment submitted by counsel for Tonya Conrad was signed by the judge on November 26, 1985.
This appeal was filed by the husband on grounds of “ill-practice of counsel for the wife” in that, while both attorneys had exchanged proposed judgments in accord with stipulations of the parties, the judgment signed by the court was a different version of which the husband’s attorney was not aware.
There are three items of the signed judgment which the husband opposes:
(1) The provisions for visitation do not contain the words “and all other reasonable Visitations with the child”;
(2) Hours for holiday visitations are specified, contrary to the stipulations;
(3) The judgment contained a list of baby furniture, trophies, and other items which the husband must return to the wife.
The appellee’s brief states that a lack of communication was the cause of any discrepancies in the judgment. The appellee has no objection to modifying the judgment to reflect the provisions demanded by the appellant.
In accordance with La.C.C.P. art. 2164 and for the reasons stated above we amend the judgment appealed from as follows:
(1) In the provisions for holiday visitation the sentence specifying hours of visiting periods shall be deleted and the section shall read as follows:
That in odd numbered years, beginning in 1985, Timothy J. Conrad, Sr. shall be *23 entitled to have the said minor child visit with him on each of the following holidays: Easter, Labor Day and Christmas Day. In such odd numbered years, Tonya D. Conrad shall be entitled to have the child visit with her on each of the following holidays: New Years Day, July 4th and Thanksgiving Day. The couple shall switch the aforesaid two (2) holiday visitation groups in even numbered years, beginning in 1986.
Holiday visitation rights of each parent shall supersede and be in addition to any weekend visitation rights of either parent;
(2) The following sentence shall be added, following the provisions for visitation on weekend, holidays, Father’s day and Mother’s Day, and in summer: “That Timothy J. Conrad, Sr. shall have all other reasonable visitations with the said minor child”;
(3) The list of items to be returned to the mother shall be deleted and the order shall read, simply: “It is further ordered, adjudged and decreed that Timothy J. Conrad, Sr., shall return the child’s furniture to Tonya D. Conrad;”
In all other respects the judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.