CANNELLA, Judge.
Plaintiff, Patricia Lynn Kokoshis Farris, appeals from a judgment, which was submitted by defendant, Philip Farris, as representing the stipulations made by the parties in open court. For the reasons which follow, we affirm the judgment as amended.
The parties were married in 1978 and have three minor children. Subsequently, plaintiff filed for separation with an attached Plan for Implementation of Joint Custody Submitted by Plaintiff and Defendant (Plan). The Plan was signed by both parties, dated May 24, 1990 and contained six separately lettered subsections addressing, A). Custody, B). Records And Information, C). Parental Access, D). Modification, E). Support For The Minor Children, and F). No Alienation Of Affections. On January 17, 1992, the parties filed a Joint Motion and Order to Modify the Joint Custody Judgment of May 24, 1990. The order was signed by the trial court on that date. The original Plan provided for equal physical custody of the children, alternating weekly, and equal contributions to the children’s expenses and support. Its modification provided for physical custody to the mother, approximately two-thirds of the time, and physical custody to the father the remainder of the time. The rest of the original Plan was not altered.
On January 30, 1992 plaintiff filed a Rule to Show Cause Concerning Support, requesting an adjustment because she now had physical custody of the children two-thirds of the time, instead of one-half of the time. On June 16, 1992, the parties entered a stipulation in open court, agreeing to a modification *1237 of the support arrangement that existed under the May 24, 1990 agreement. They agreed that, commencing June 1, 1992, instead of equally dividing all expenses, the father would pay to the mother $2,200 per month and one-half of the tuition and school expenses for the children. This new support arrangement was to supersede subsection E. of the Plan, with the exception that the income tax deductions for the children would remain in effect.
Plaintiffs counsel, Robert Lowe, prepared a judgment in conformity with the stipulation, with a final paragraph that provided:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that paragraph [E] contained in this Court’s judgment of May 24,1990, is superseded by the above and foregoing.
Lowe sent the proposed judgment to defendant’s counsel, D. Douglas Howard, for his signature. Howard responded by requesting that the final paragraph of the proposed judgment be amended as follows:
IT IS FURTHER ORDERED ADJUDGED AND DECREED that paragraph [E] contained in this Court’s judgment of May 24,1990 is superseded by the above and foregoing; and that all other provisions contained in said judgment of May 24, 1990 and the attached Plan of Implementation for Joint Custody submitted by the parties, shall remain in full force and effect.
Lowe wrote Howard, noting that the January 17, 1992 judgment had already superseded the part of the May 24, 1990 judgment concerning physical custody of the children. Lowe, did not agree with Howard to provide that “all other” provisions of the May 24, 1990 judgment remained in full force and effect. Lowe, again requested that his original proposal be signed. .Howard refused.
Lowe filed a Motion to Enforce Stipulation, requesting that defendant show cause why he should not sign the originally proposed judgment. At the hearing on the motion to enforce the stipulation, the trial judge[1] requested that Howard submit a proposed judgment and took the matter under advisement. On March 22, 1993, the trial court rendered judgment utilizing the form submitted by defendant. Plaintiff appealed.
Plaintiff argues that the provision pertaining to the effect of the May 24, 1990 judgment, disregarding the January 20, 1992 judgment that superseded the May 24, 1990 judgment as to physical custody of the children, was not in conformity with the stipulation and should, therefore, be set aside. Plaintiff argues that the effect of the judgment as signed, without mention of the January 20, 1992 judgment, is to resurrect the original provisions concerning physical custody of the children that were superseded by the later consent judgment entered on January 20, 1992.
Defendant concedes that, if the judgment had the effect of resurrecting the earlier superseded provision concerning physical custody of the children, it would not be in conformity with the stipulation. However, defendant arg-ues that plaintiff misconstrues the effect of the judgment, which was merely to clarify the fact that all provisions of the original judgment remained in effect except those superseded by the January 20, 1992 judgment, pertaining to physical custody of the children, and now by the March 22, 1993 judgment pertaining to support.
While defendant argues that the meaning of the March 22, 1993 judgment was intended to include the amendment made in January 1992, regarding physical custody of the children, we agree with plaintiff that, as written, that is not what the judgment provides. Therefore, it is not in conformity with the intent of the parties. Upon review of the record, we find that both parties agree that the intent of the stipulation was to modify support only, and not to resurrect the earlier provision concerning physical custody that *1238 had been superseded by the January 20,1992 consent judgment. In fact, it is the January 20, 1992 consent judgment, changing physical custody of the children, that forms the very basis and reason for the change in the support contributions. Thus, there is no real controversy here concerning the intent of either party.[2] The only problem involves the wording of the last paragraph of the judgment so that it accurately and clearly reflects the parties’ intent.
The original Plan, dated May 24, 1990, provided the agreement between the parties, at that time, on several issues. That Plan was amended on January 20, 1992, by a consent judgment, relative to the physical custody of the children. Thereafter, the parties again agreed by stipulation in open court to an amendment to the support portion of the original agreement, to coincide with the change in physical custody. Thus, the original agreement still retains some valid effective provisions with two subsections of that agreement being superseded by later agreements.
The March 22, 1992 judgment accurately provides the latest amendment to the original judgment concerning support, as stipulated to by the parties in open court and, as such, is affirmed. However, the final paragraph of the judgment does not accurately reflect the intent of the parties concerning the applicability of the earlier judgments and must be amended to reflect the parties’ intent. Conrad v. Conrad, 497 So.2d 22 (La.App. 5th Cir.1986). Accordingly, the last paragraph of the judgment dated March 22, 1993 is amended to conform with the intent of the parties, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that paragraph [E] contained in this Court’s judgment of May 24,1990, is superseded by the above and foregoing, and that all other provisions contained in said judgment of May 24, 1990 and the attached Plan of Implementation for Joint Custody submitted by the parties, with the exception of paragraph [C] concerning parental access which was superseded by consent judgment dated January 20, 1992, shall remain in full force and effect.
Accordingly, for the reasons stated above, the March 22, 1993 judgment of the trial court is amended and, as amended, is affirmed.

AMENDED AND AFFIRMED.

. Because of the procedures utilized in the Twenty-Fourth Judicial District Court in Jefferson Parish concerning the allotment of domestic cases, this case has been before three different judges in the past two and one half years. The matter originally came before Judge Allen on May 24, 1990. It was before Judge Chehardy in January of 1992 when the original agreement was first amended as to physical custody. The stipulation as to child support was entered before Judge Allen and the motion to enforce the stipulation was tried before Judge Green.

. The only controversy presented here seems to be between opposing counsel. It is evident from this record, that the parties in this case, through the difficult process of termination of a marriage, have acted admirably, in the best interest of their children, agreeing by consent to joint custody, physical custody, visitation and support. There seem to he no differences between the parties presented in this appeal, only differences in drafting and interpretation by their counsel.