STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1277

GREGORY ARLAN REON

VERSUS

RAVENNA ISTRE REON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-2132
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Billy Howard Ezell,
Judges.

AFFIRMED IN PART; VACATED IN PART.

William Mitchell Redd
Dean J. Manning
Liles & Redd
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529
Counsel for Plaintiff/Appellee:
Gregory Arlan Reon

**James Phillip Gaharan, Jr.**
**The Gaharan Law Firm**
**700 Pujo Street, Suite B**
**Lake Charles, LA 70601**
**(337) 437-9405**
**Counsel for Defendant/Appellant:**
**Ravenna Istre Reon**

**EZELL, JUDGE.**

Ravenna Reon appeals the decision of the trial court in this community property partition. Mrs. Reon claims that the trial court erred in that its judgment does not accurately reflect the terms of an oral stipulation entered into by her and her former husband, Gregory Reon. For the following reasons, we affirm the decision of the trial court in part and vacate in part.

Mr. and Mrs. Reon were married in 1974. Mr. Reon filed for divorce in 2003. Mrs. Reon filed for partition of community property that same year. After several delays and the filing of detailed descriptive lists, the partition was set for trial on April 10, 2006. That day, Mr. and Mrs. Reon in open court entered into an oral stipulation partitioning the community property. Mr. Reon submitted a judgment to the trial court representing the agreement. Mrs. Reon opposed the proposed judgment, claiming that it contained provisions that were not part of the stipulation. Mr. Reon's judgment was signed by the trial court on November 6, 2006. Mrs. Reon filed a motion for new trial, which was subsequently denied. From these decisions, Mrs. Reon appeals.

Mrs. Reon asserts two assignments of error on appeal. She claims that the trial court erred in failing to amend the judgment to accurately reflect the oral stipulation, and that the trial court erred in failing to grant her motion for new trial. Because we agree with Mrs. Reon's first assignment of error, we need not address the latter.

Louisiana Civil Code Article 3071, at the time of the proceedings, provided:

> A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent . . . .

> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its

1

substance may thereafter be written in a more convenient form.

The open court recitations, by which the parties agreed to the stipulations offered by their respective attorneys, constituted a binding compromise or agreement on the partition of their community property. *Carlin v. Wallace,* 00-2892 (La.App. 1 Cir. 9/28/01), 809 So.2d 1017.

At the time of the stipulations, it was orally agreed between the parties that a judgment would be prepared in conformity with the stipulations. A comparison of the substance of the April 10 open court stipulations to the November 6th judgment reveals that six paragraphs of the judgment exceed the scope of the oral stipulation. The first paragraph Mrs. Reon challenges reads:

> Appearers agree that each party will keep all cash on hand in each other's possession, including, but not limited to, their personal salaries, personal checking accounts, other retirement plans or Social Security. Except any additional pension/retirement plan in favor of RAVENNA ISTRE REON, other than the Isle of Capri Retirement Trust and Savings Plan, shall be divided by a Qualified Domestic Relations Order.

The record shows that the oral stipulation set forth that any retirement plan owned by Mrs. Reon other than the Isle of Capri plan was, indeed, to be subject to division by a Qualified Domestic Relations Order. Therefore, this is correctly reflected in the judgment. However, the first sentence of the paragraph pertaining to cash on hand, bank accounts, etc., was never mentioned in the stipulation, exceeds the limits of the agreement, and is hereby removed.

Moreover, the transcript of the stipulation contains no mention whatsoever concerning the following provisions of the trial court's judgment:

> As a result hereof, the parties hereto discharge each other from any further accounting to the community which formerly existed between them, the same being fully liquidated as set for[th] herein above.

> The parties hereby acknowledge that neither of them has requested nor required their respective attorney's [sic], if any, to provide

2

a title examination, title opinion or mortgage certificate with reference to any property transferred herein. Further, neither party has requested nor required their respective attorney's [sic] to verify the balance of any indebtedness assumed, or the existence or true value of any asset transferred herein. Instead, the parties accept the representations made by and to each other with reference to the matters as being true and correct, and each hereby frees and holds his and/or her respective attorney harmless for not verifying, obtaining or checking or rendering same.

They waive any lien privilege that either may have or any of the properties herein transferred to themselves other than as agreed to herein and renounce the benefits of any resolutory or executory conditions relative to any of the provisions hereof which is agreed will be nondischargeable in bankruptcy should the same occur.

Appearers do further declare that this act constitutes the entirety of their property settlement and agreement to terminate the community of acquets and gains which has heretofore existed between them and to partition the community property existing between them. Appearers do hereby further acknowledge that they have this day accounted to each other concerning the payment of various community obligations by each of them and that as a result thereof the parties hereto discharge each other from any other accounting to the community which formerly existed between them, the same being fully liquidated as set [forth] above.

Appearers further agree to sign any deeds, bill of sales [sic], or other documents reasonable and necessary to accomplish the purpose and obligations of this agreement, and specifically agree to sign and execute any and all papers necessary to effect a transfer of any immovable property mentioned in this settlement. Each party agrees that this agreement may be enforced by specific performance and agrees to pay the reasonable attorney's fees of the party successfully [sic] in a suit for specific performance.

Because these parts of the judgment do not accurately reflect the intent of the parties as indicated by the record before this court, they do not constitute part of the agreement between the Reons and must be removed to reflect the parties' intent. *See Conrad v. Conrad*, 497 So.2d 22 (La.App. 5 Cir. 1986).

While Mrs. Reon also claims that the trial court's provision pertaining to reimbursement for separate or community property also goes beyond the scope of the oral stipulation, the record clearly indicates that both parties agreed to waive

reimbursement claims.  Accordingly, this assertion lacks merit.

We hereby vacate the six paragraphs of the judgment specifically mentioned above.  In all other respects, the judgment of the trial court is affirmed.  The costs related to this appeal are to be split between the parties.

**AFFIRMED IN PART; VACATED IN PART.**