STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1095


HOLLY FAYE GUIDRY

VERSUS

JACOB C. BLANCHARD


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON DAVIS, NO. C-764-08
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of J. David Painter, Phyllis M. Keaty, John E. Conery, Judges.

AFFIRMED IN PART;
VACATED IN PART; AND REMANDED.


Burleigh G. Doga
P.O. Drawer 265
Crowley, LA 70527-0265
(337) 783-8843
COUNSEL FOR DEFENDANT-APPELLANT:
    Jacob C. Blanchard

**John E. Fitz-Gerald**
**One Lakeshore Drive, Suite 1230**
**Lake Charles, LA 70629**
**(337) 494-1200**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Jacob C. Blanchard**

**Wendell R. Miller**
**P.O. Drawer 1469**
**Jennings, LA 70546**
**(337) 824-8885**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Holly Faye Guidry**

**PAINTER, Judge.**

Defendant, Jacob C. Blanchard, appeals a consent judgment signed in connection with a rule for contempt filed by Plaintiff, Holly Faye Guidry, relative to payment of child support and various other matters. Blanchard alleges that the consent judgment as signed failed to comply with the stipulated agreements of the parties, expanded the agreements of the parties, and did not include a modified joint custody plan. For the following reasons, we affirm in part, vacate in part, and remand the matter to the trial court.

## FACTS AND PROCEDURAL HISTORY

Guidry and Blanchard are the natural parents of a minor son born December 9, 2000. The parties were never married; however, child support was set and the parties entered into a joint custody plan in 2008. Since that time, Guidry filed several rules for contempt after Blanchard failed to pay child support as ordered, and Blanchard was found in arrears of his child support obligation on multiple occasions.

On April 2, 2012, Guidry filed a rule for contempt again alleging that Blanchard was delinquent in making his child support payments, that he violated a judgment of the court by claiming the child as a dependent on his 2011 federal and state income tax returns, that he contacted her by phone in violation of a court order, and that he was communicating negative statements about her to the child and undermining her authority and/or relationship with the child. There was also pending a rule for increase in child support filed by Guidry. These matters were scheduled to be heard on November 30, 2012. At that time, the parties entered into a joint stipulation, as discussed in detail below. The trial court signed a judgment purporting to comply with that stipulation as prepared by Guidry's counsel.

Blanchard alleges that the judgment failed to comply with the stipulated agreements of the parties as stated in the record in open court and that it expanded the agreements of the parties beyond that which was stated in the record. He also alleges that the trial court erred in signing a judgment which did not include a modified joint custody plan. For the reasons that follow, we agree with Blanchard as to his first two assertions, and we affirm the consent judgment insofar as it accurately reflects the agreement of the parties as provided in the transcript of the proceedings. Insofar as it contains provisions not contained in the oral stipulation, those provisions are vacated. The matter is remanded to the trial court for further proceedings to resolve the outstanding matters.

## DISCUSSION

Louisiana Civil Code Article 3071 provides that "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." It "shall be made in writing or recited in open court." La.Civ.Code art. 3072. Furthermore, "[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La.Civ.Code art. 3076.

The transcript of the proceedings held on November 30, 2012, reflects that the parties agreed to the following:

a. The child support obligation owed by Blanchard would increase to $821.00 per month.

b. The previous joint custody plan would be modified to the extent that Blanchard would have two nonconsecutive weeks of visitation during the summer and provide notification by May 1 of which weeks he intends to exercise but that it cannot be the week before school starts.

2

c. Blanchard must provide a five-day notice of any changes in regular visitation as soon as he is aware of any changes to his work schedule.

d. If the parent is to be out of town during the time that he/she has physical custody of the child, the other parent must be offered the right to keep the child overnight before making other arrangements except during the school week.

e. The previous order that communication between the parties must be in writing continues in effect.

f. The prior stipulations that Blanchard's brothers have no contact with the child and not be present during Blanchard's period of visitation continue in effect.

g. The child shall not be brought to a correctional facility to visit anyone.

h. If the child is to travel out of town or state, an itinerary of the trip and contact information must be provided.

i. The parties are to participate in parent counseling with Ms. Kay Bush for a minimum of six sessions and any agreed upon additional sessions with the expense of those sessions to be paid 60% by Blanchard and 40% by Guidry.

j. Guidry will provide health insurance for the child, with her insurance to be primary, and Blanchard will provide health insurance for the child, with his insurance to be secondary.

k. Blanchard must discuss any additional visitation requests with Guidry directly and not through the child.

l. Any clothing and possessions brought with the child to visitation must be returned at the end of the visitation.

m. Blanchard will pick the child up at Guidry's residence at 6:00 p.m. on Friday to begin visitation, and Guidry will pick the child up at Hebert's Steakhouse at 6:00 p.m. on Sunday at the conclusion of Blanchard's visitation.

n. The child must be picked up and returned within thirty minutes of the time specified. Blanchard must give twenty-four hour notice in writing if he is not going to exercise visitation.

o. Blanchard must be present at all times with the child during his period of visitation.

p. Neither parent shall allow unsupervised internet access by the child while in their care.

q. Communication with the minor child shall not take place after 9:00 p.m. on a school night.

r. No negative or disparaging remarks by either party against the other party shall be made in the presence of the child.

s. The joint custody plan should include the standard language regarding flexibility of schedules, communication, providing proof of medical expenses not covered by insurance along with an explanation of benefits from the insurance company, and timeframe within which Blanchard can either object to or pay the expenses.

t. Blanchard will be listed as the father on the school records of the child and will have access to any website information regarding activities regarding the child.

u. No verbal or written communications or transfer of funds for payment of child support or medical expenses shall be made through the child.

v. Blanchard will be entitled to the tax deduction for the child if he is current on his child support obligation.

w. An income assignment order will issue to Blanchard's current employer for payment of future child support.

x. Blanchard is to pay court costs.

The transcript further reflects that both parties acknowledge that they heard the stipulation, understand it, and agree to it.

The transcript indicates that counsel for Blanchard would request a copy of the transcript from which to prepare the consent judgment; however, the consent judgment signed by the court reflects that it was "approved as to form and content" by counsel for Guidry. It is not signed by counsel for Blanchard.

A comparison of the transcript and the consent judgment reveals that the consent judgment correctly reflects the aforementioned provisions and is clear that the prior joint custody plan of April 8, 2008, remains in effect as modified by the agreed upon changes. However, the transcript is clear that the amount of arrearages was unknown, that further documents would have to be obtained to ascertain this amount, and that a status conference might be necessary on that issue. Despite this, the consent judgment sets the amount of arrearages in child support and holds Blanchard in contempt and sentences him to ninety days in parish jail. It also orders him to pay attorney's fees in the amount of $6,000.00 to be paid at the rate of $200.00 per month until paid. It finally finds him in contempt for failure to pay $1,189.01 in uncovered medical expenses and makes that amount executor and payable at the rate of an additional $100.00 per month in addition to any other amounts due. These parts of the judgment that do not constitute part of the agreement between Blanchard and Guidry must be vacated. They do not

accurately reflect the intent of the parties as clearly indicated by the transcript. *See*

*Reon v. Reon*, 07-1277 (La.App. 3 Cir. 4/2/08), 982 So.2d 210.

## DECREE

We affirm those portions of the judgment that correctly reflect the agreement of the parties. We vacate those parts, as discussed above, which do not reflect the agreement of the parties as stated in the transcript of the proceedings and remand the matter to the trial court for further proceedings as to those issues. Costs of this appeal are assessed equally to Plaintiff-Appellee, Holly Faye Guidry, and to Defendant-Appellant, Jacob C. Blanchard.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**