SAVOY, Judge.
This suit arises out of an automobile accident. Plaintiff lost his wife and three children when the car in which they were riding plunged over the edge of the Vermilion River. His wife and three children drowned. Plaintiff alleged that the accident was caused by the failure of the Lafayette Police Jury to provide signs and safety devices in an area where the road *537 ran dangerously close to the river. He filed suit against the Police Jury and its insurer, Maryland Casualty Company. Maryland Casualty Company filed an exception of no cause or right of action, and a motion for summary judgment based upon the exclusion contained in the policy issued by it. The exclusion stated that the insurance did not apply to bodily injury or property damage arising out of the ownership, maintenance or use of highways or roadways or operations upon such highways or roadways. The exceptions and the motion for summary judgment were tried on April 10, 1972, and the lower court rendered a judgment sustaining Maryland Casualty’s motion for summary judgment and exception of no cause or right of action, dismissing Maryland Casualty from the suit. On the same date, plaintiff amended his petition to add as an additional party defendant, Highlands Insurance Company. Both Highlands Insurance Company, and plaintiff, Andrus, timely perfected appeals from the summary judgment, and the judgment granting the exceptions of no cause or right of action. Maryland Casualty Company filed a motion to dismiss both appeals on the following grounds:
(1) Plaintiff had acquiesced in the judgment in that he waived his appearance at the hearing and advised the court through his attorney that he had no interest in opposing the exception of no cause of action, and the motion for summary judgment.
(2) Highlands Insurance Company has no interest in the appeal and on the further ground that it was not a party defendant until subsequent to the signing of the judgment.
I. MOTION TO DISMISS THE APPEAL OF PLAINTIFF IGNATIUS ANDRUS
Counsel for plaintiff was absent at the hearing for the summary judgment and he waived his appearance. Maryland Casualty contends that since he did waive his appearance and stated that he had no interest in opposing the exception, that he had acquiesced in the judgment. Article 2085 of the Code of Civil Procedure governs this issue. It states that an appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court, or who voluntarily and unconditionally acquiesced in a judgment rendered against him.
Mover is confusing to some extent the difference between confessing judgment during the proceedings and acquiescing in a judgment after it has been granted. Comment (c) to C.C.P. Article 2085 states that an admission in the pleadings of the validity of one’s opponent’s claim in such a way as to leave no issue to be tried, is a confession. However, admissions in an answer sufficient to warrant a judgment on the face of the pleadings under former R. S. 13:3601(4) have been held to be a confession so as to foreclose an appeal by the defendant, when his answer as a whole denied liability. As to acquiescence:
“The jurisprudence is to the effect that to lose the right of appeal there must be an unconditional, voluntary and complete acquiescence in the judgment by the appellant, who must have intended to acquiesce and abandon his right to appeal.” Meyers, Whitty & Hodge Inc., v. Popich Marine Const., Inc., 143 So.2d 739, 742 (La.App. 4th Cir. 1962). (Emphasis ours)
In a suit to nullify a deed, the Fourth Circuit found acquiescence where a plaintiff-appellant in proper person presented the judge with a motion to dismiss, which recited that there was no error in the document, and that appellant desired to ratify and thereby did ratify the deed. This really appeared to be a judicial confession. Ponder v. Pechon, 169 So.2d 671 (La.App. 1 Cir. 1964), writs refused 247 La. 353, 170 So.2d 868 (1965).
However, in the instant case, the appellant had merely waived his appearance at the hearing. This is no different than al *538 lowing a judgment by default to be confirmed against one’s self. It would surely be stretching Article 2085 to say that he had thereby expressed an intent to abandon his right to appeal. The only specific authority on this point is Bain & Co. v. Oliphant, 124 La. 583, 50 So. 588 (1909). There the Supreme Court held that under Code of Practice Article 567 (which is similar to C.C.P. Article 2085), the failure of a garnishee to answer was not a confession or acquiescence, even though it was legally an admission of indebtedness of the garnishee to the judgment debtor. If the redactors of the new Code of Civil Procedure had intended this to be an acquiescence to a judgment, then they would have provided differently for default judgment. However, C.C.P. Article 2083 states that:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default.
II. MOTION TO DISMISS THE APPEAL OF HIGHLANDS INSURANCE COMPANY
Mover urges that the appeal of Highlands Insurance should be dismissed because of lack of interest and because at the time of the summary judgment, Highlands Insurance was not the defendant in this case. Depending on whether or not this summary judgment dismissing the suit of the Maryland Casualty Company is upheld in this court, Highlands Insurance Company will possibly be liable either for a pro-rata share of or the full amount of any judgment rendered against the Lafayette Police Jury (subject to its policy limits). Mover apparently is also contending that one can appeal from a judgment only if he is a party to the suit.
Any person who could have intervened in the trial court may appeal whether or not any other appeal has been taken. C.C.P. Article 2086. In providing for intervention in Louisiana, the redactors of the Code of Civil Procedure adopted the civil law theory of intervention because it is more suited to the implementation of our substantive law. This civil law theory requires a connexity between the right asserted by the intervenor and the original suit and allows a third person to enforce through the intervention, the right of one or more of the original litigants when his own rights would be prejudiced by the non-enforcement thereof.
Thus, C.C.P. Article 1091 states that:
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
“(1) Joining with plaintiff in demanding the same or similar relief against the defendant ;
“(2) Uniting with defendant in resisting the plaintiff’s demand; or
“(3) Opposing both plaintiff and defendant.”
The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of "an inferior court, and such right is exended not only to the parties to the suit in which the judgment is rendered, but also to a third party when such third party is allegedly aggrieved by the judgment. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963). A party who may be liable for contribution in a cause, or a party who may be liable under a co-insurance clause, of course, has an interest in the action. Cf. Emmco Insurance Company v. Globe Indemnity Company, 237 La. 286, 111 So.2d 115 (1959).
For the foregoing reasons, the motion to dismiss the appeal is overruled at mover’s costs.
Motion to dismiss appeal overruled.