663 So.2d 212 (1995)
Shelton Lynn SIGLER, Plaintiff-Appellee,
v.
GRACE OFFSHORE COMPANY, Defendant-Appellee.
No. 95-357.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*213 Russell T. Tritico, Lake Charles, for Plaintiff-Appellee Shelton Lynn Sigler.
Thomas Joseph Smith, New Orleans, John J. Erny, III, Thibodaux, for Defendant-Appellee Grace Offshore Company.
Ward Lafleur, Lafayette, for Defendant-Appellant Kilgore Offshore Crewboats, Inc.
Before SAUNDERS, SULLIVAN and KNIGHT,[1] JJ.
SAUNDERS, Judge.
Kilgore Offshore Crewboats, Inc., defendant in this admiralty personal injury case, appeals the trial court's dismissal on summary judgment of its third party demand for contribution and/or indemnity from Grace Offshore Company and CNA Insurance Company, former co-defendants in the underlying action. We affirm.

FACTS
Plaintiff, Sigler, sued his employer, Grace Offshore Company, hereinafter referred to as Grace, his employer's insurer, CNA Insurance Company, hereinafter referred to as CNA, and Kilgore Offshore Crewboats, Inc., hereinafter referred to as Kilgore, for injuries he allegedly sustained while offloading equipment from the Phoenix II, a jack-up drilling vessel owned by Grace, onto the M/V Captain Mac, a crewboat owned by Kilgore. Plaintiff asserted a negligence claim under the Jones Act, 46 U.S.C.A.App. Section 688, et seq, an unseaworthiness claim under the general maritime law, and alternatively, a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Section 901, et seq.
*214 Defendants, Grace and CNA, filed a motion for summary judgment asserting that the plaintiff was not a seaman and therefore, not entitled to any claims under the Jones Act, and additionally, that Grace was entitled to tort immunity pursuant to 33 USC Section 905(b) because the plaintiff was engaged in stevedoring services at the time of the accident. Before this motion was heard, the plaintiff agreed to dismiss his claims against Grace and CNA. By judgment dated February 5, 1993, all of plaintiff's claims against Grace and CNA were voluntarily dismissed with prejudice.
Kilgore subsequently filed a third party demand against Grace seeking indemnity and/or contribution. In response, Grace filed an exception of no cause of action, and alternatively, a motion for summary judgment as to Kilgore's third party claim.
The trial judge granted Grace's motion for summary judgment on the third party claim of Kilgore and denied Grace's exception of no cause of action.
Kilgore appeals the granting of summary judgment dismissing its third party demand against Grace for indemnity and/or contribution.
Grace answered Kilgore's appeal requesting attorney fees and court costs.
ASSIGNMENT OF ERROR
I. The trial court erred in dismissing Kilgore Offshore Marine Inc.'s third party demand against Grace Offshore Company.

LAW
An appellate court reviews summary judgments de novo under the same standard that governs the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993). This standard is set forth in La.Code Civ.P. art. 966(B) which provides that a summary judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Both parties agree that the third party claim for indemnity and/or contribution is governed by admiralty law. The facts which are determinative of this issue are not in dispute. This is purely a legal question which appears to have been answered by the United States Supreme Court in McDermott, Inc. v. AmClyde, 511 U.S. ___, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994) and Boca Grande Club, Inc. v. Florida Power & Light Co., 511 U.S. ___, 114 S.Ct. 1472, 128 L.Ed.2d 165 (1994).
In McDermott, 511 U.S. ___, 114 S.Ct. 1461, the Supreme Court granted certiorari to consider the question of whether the liability of nonsettling defendants should be calculated with reference to the jury's allocation of proportionate responsibility, or by giving the nonsettling defendants a credit for the dollar amount of the settlement. The court adopted the proportionate share approach. Under this method, the plaintiff's claim against the remaining defendants is diminished by the percentage of liability allocated to the released tortfeasor. This method has no detrimental effect on the remaining defendants because they can only be cast for their share of liability.
In Boca Grande Club, Inc., ___ U.S. ___, 114 S.Ct. 1472, the Supreme Court granted certiorari to decide what effect, in a maritime personal injury suit, the plaintiff's settlement with one defendant has on a claim for contribution brought by a nonsettling defendant against the settling defendant. The court concluded that under the proportionate share rule adopted in McDermott, "actions for contribution against settling defendants are neither necessary nor permitted." Boca Grande Club, Inc., ___ U.S. ___, ___, 114 S.Ct. 1472, 1472.
Kilgore argues that McDermott is inapplicable because it is premised on the existence of a settlement between the plaintiff and the released party and there has been no settlement in the instant case. This factual distinction does not require a different outcome because the reasoning of McDermott applies and supports the granting of summary judgment *215 in Grace's favor. The court's discussion in McDermott of Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979) supports our conclusion.
In Edmonds, 443 U.S. 256, 99 S.Ct. 2753, the court refused to reduce the judgment against a shipowner by the portion of fault allocated to a stevedore whose liability was limited by the LHWCA. The McDermott court noted that the adoption of the proportionate share rule was not inconsistent with Edmonds because in that case the plaintiff's ability to recover was limited by outside forces beyond his control, i.e., statutorily created immunity, and that in such a situation, joint and several liability serves to make the other defendants, rather than an innocent plaintiff, responsible for the difference. Conversely, the court reasoned that in a settlement, the plaintiff has agreed to dismiss his claim against a defendant in exchange for something, and therefore, the extent of his recovery is only limited by his own agreement, not by outside forces beyond his control.
Although there has not been a settlement per se in this case, the plaintiff voluntarily dismissed his claims against Grace and CNA with prejudice. For purposes of the proportionate allocation of fault, we discern no distinction between a settlement and a voluntary dismissal. Both are agreements entered into by the plaintiff which serve to limit his recovery as opposed to the outside forces such as insolvency or statutory immunity discussed in McDermott. Applying these principles, we conclude that as a matter of law, Kilgore's third party claim against Grace is barred.

ANSWER TO APPEAL
La.Code Civ.P. art. 2133(A) provides as follows:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be the equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.
Grace answered the appeal requesting attorney's fees and court costs. Grace did not assert a statutory basis for its request for attorney's fees; therefore, Grace must rely on La.Code Civ.P. art. 2164 which gives the appellate courts the discretion to award damages for a frivolous appeal.
In Jessen v. Dr. Kenneth W. Wimberly, D.D.S., 610 So.2d 252 (La.App. 3 Cir.1992), the plaintiff asserted redhibition and unfair trade practice claims against her dentist regarding a set of dentures. After a trial on the merits, the court found in favor of the defendant and dismissed plaintiff's claims. The plaintiff appealed and the defendant answered the appeal seeking damages and attorney fees asserting that the plaintiff's appeal was frivolous. In considering the defendant's request, the appellate court quoted Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739, 741 (La.App. 1 Cir. 1977), as follows:
Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks merit.
*216 The court denied the defendant's request for damages and attorney fees stating that even though the plaintiff's argument on appeal lacked merit, it raised a legitimate issue upon which there was little jurisprudence, and therefore, the appeal was not frivolous.
McDermott was decided in 1994 and resolved a split in the circuits on the question of how to allocate liability among non-settling defendants when some defendants have been released prior to trial. Furthermore, Kilgore raised a factual distinction regarding the absence of a settlement in the instant case. Although we ultimately find that this distinction did not require a different result under the reasoning of McDermott, it did raise a legitimate argument. Therefore, Kilgore's appeal was not frivolous and Grace's request for attorney fees and damages is denied.

CONCLUSION
Applying the above principles to the case sub judice, we agree with Grace's assertion that it is entitled to summary judgment as a matter of law on the issue of Kilgore's right of contribution and/or indemnity against it. Under the proportionate method of allocating fault as adopted by the United States Supreme Court in McDermott, Kilgore cannot be cast for more than its proportionate share and, therefore, pursuant to Boca Grande, there is no need for contribution. Due to our decision to affirm the trial judge's dismissal of Kilgore's third party demand, we decline to review the other issues raised in Grace's brief.[2]

DECREE
Based on the foregoing, the decision of the trial court maintaining Grace's motion for summary judgment dismissing Kilgore's third party demand is affirmed at Kilgore's costs. Grace's request for attorney fees is denied.
AFFIRMED.
NOTES
[1] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge pro tempore by appointment of the Louisiana Supreme Court.
[2] At the hearing on the third party demand of Kilgore, Grace reasserted its arguments in its previous motion for summary judgment regarding plaintiff's seaman status and its entitlement to tort immunity pursuant to 33 USC 905(b). Grace did not raise these issues in its answer to the appeal but did argue them in its brief. Our review of the record reveals no written judgment on this previous motion for summary judgment. However, in oral reasons for judgment at the hearing on Kilgore's third-party demand, the trial judge indicated that he would deny the previous motion for summary judgment on the issues of seaman status and tort immunity. Generally, interlocutory judgments which do not cause irreparable harm are not appealable. However, when a judgment is rendered in a case which is appealable, the appellate court can, in its discretion, review the prior interlocutory judgment. People of the Living God v. Chantilly Corp., 207 So.2d 752 (La.1968); Firemen's Pension and Relief Fund v. Boyer, 420 So.2d 1323 (La.App. 3 Cir.1982).