## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-395


**JOSEPH TATNEY**

**VERSUS**

**CITY OF DERIDDER, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 88,915, DIVISION B
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
Billy Howard Ezell, Judges.


**AFFIRMED.**


**Vincent J. DeSalvo**
**7918 Wrenwood Boulevard - Suite A**
**Baton Rouge, LA 70809**
**Telephone: (225) 927-7035**
**COUNSEL FOR:**
    **Plaintiff/Appellee - Joseph Tatney**

**Randall B. Keiser**
**Jeremy C. Cedars**
**Keiser Law Firm, P.L.C.**
**P. O. Box 12358**
**Alexandria, LA 71315**
**Telephone: (318) 443-6168**
**COUNSEL FOR:**
    **Defendant/Appellee - City of DeRidder**

**Jeff Landry**
**Attorney General**
**Shane D. Williams**
**Assistant Attorney General**
**P. O. Box 1710**
**Alexandria, LA 71309-1710**
**Telephone: (318) 487-5944**
**COUNSEL FOR:**
    **Defendants/Appellants - State of LA, through the Department of Public**
    **Safety & Corrections, and Master Sergeant Roger Benoit**

**THIBODEAUX, Chief Judge.**

The State of Louisiana, through the Department of Public Safety and Corrections, and Roger Benoit (collectively, "State") appeal the trial court's grant of summary judgment in favor of the City of DeRidder ("City").

Joseph Tatney, the plaintiff, was injured when a vehicle in which he was the passenger collided with another vehicle. The City, a defendant, argued that it was not liable because an interagency agreement between the State and itself mandated that the State was responsible for the negligent conduct of its employees. The State did not file an opposition to the City's Motion for Summary Judgment and waived its right to appear at the hearing. The trial court granted the City's motion and dismissed Mr. Tatney's claims against it. For the following reasons, we affirm.

I.

**ISSUES**

We shall consider:

1.    whether the State acquiesced to the trial court's judgment by not filing an opposition to the City's Motion for Summary Judgment and also waiving its right to appear at the hearing;

2.    whether the trial court erred in granting the City's Motion for Summary Judgment; and

3.    whether the City is entitled to attorney fees for having to respond to what it contends is a frivolous appeal.

## FACTS AND PROCEDURAL HISTORY

This case is premised on a vehicular accident that occurred when a van that was owned by the City collided with another vehicle. At the time of the accident, the vehicle was operated by Roger Benoit, a State employee. The plaintiff, Joseph Tatney, an inmate at the Vernon Parish Detention Center, was a passenger in the van and suffered injury to his neck and back.

Mr. Benoit was transporting Mr. Tatney as a part of an Interagency Agreement ("agreement") between the City and the State for the use of inmate labor. The agreement required the City to provide its vehicles to transport inmates to worksites.

Mr. Tatney alleges that the accident was caused by Mr. Benoit's negligent driving in running a stop sign and driving through an intersection. Mr. Tatney originally filed suit against the City, the sheriff of the Vernon Parish Correctional Facility, and Mr. Benoit. He later amended his petition to add the State.

The City filed a Motion for Summary Judgment and argued that based on the terms of the agreement, the State is responsible for the alleged negligent acts of its employees. The City submitted an affidavit from its mayor, who attested that Mr. Benoit was not a City employee. Further, the City argued that the only allegation against it is that it owned the subject van. It contended that ownership alone does not make it liable for damages caused by a State employee.

The State did not file an opposition to the motion and waived its right to appear at the hearing. Mr. Tatney also waived his right to appear and sent correspondence to the City that he did not oppose the motion. The trial court

granted the City's motion. For the reasons that follow, we affirm the judgment of the trial court.

## III.

## STANDARD OF REVIEW

The grant or denial of a motion for summary judgment is reviewed de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83.

## IV.

## LAW AND DISCUSSION

### A.      Whether the State voluntarily acquiesced to the trial court's judgment

The City argues that the State acquiesced to the trial court's judgment because it did not file an opposition and waived its right to appear at the hearing. Thus, the City contends that the State waived its right to appeal.

Louisiana Code of Civil Procedure Article 2085 provides that "[a]n appeal cannot be taken by a party . . . voluntarily and unconditionally acquiesced in a judgment rendered against him." Because appeals are favored in law, the supreme court has specified a high standard for finding that a party has acquiesced in a judgment for purposes of La.Code Civ.P. art. 2085. *E.g.*, *Succession of Franz*, 238 La. 608, 612, 116 So.2d 267, 268 (1959) (emphasis added). ("[B]efore we can say that an appellant has lost his right of appeal, there must be an <u>unconditional,</u>

3

absolute, and voluntary acquiescence in the judgment by the appellant, who must have intended to abandon his right.")

The jurisprudence in this state has "generally strictly construed this statute to allow forfeiture of the right to appeal only in situations in which the party's intent to acquiesce is <u>clearly</u> demonstrated." *Schneider v. Mayo*, 94-527, p. 8 (La.App. 3 Cir. 12/7/94), 647 So.2d 606, 610 (emphasis added), *writ denied*, 95-27 (La. 2/17/95), 650 So.2d 254. "Acquiescence in [a] judgment is never presumed and must be established by evidence that leaves no doubt of the required intent." *Vincent v. State Farm Mut. Auto. Ins. Co.*, 95-1538, p. 3 (La.App. 3 Cir. 4/3/96), 671 So.2d 1127, 1129.

The City entreats us to reverse our holding in *Andrus v. Police Jury of Parish of Lafayette*, 266 So.2d 535 (La.App. 3 Cir. 1972) or, alternatively, to distinguish it from the instant facts. In *Andrus*, we held that a waiver of appearance at a summary judgment hearing did not constitute acquiescence under La.Code Civ.P. art. 2085. There, in a matter that stemmed from an automobile accident, the defendant filed a motion for summary judgment and the plaintiff waived his appearance at the hearing. We held that a party does not display an intent to acquiesce to the trial court's judgment by "merely waiv[ing] his appearance at the hearing." *Compare Id.* at 537, *with Theriot v. Castle*, 343 So.2d 399 (La.App. 3 Cir. 1977) (holding that execution of a satisfaction of judgment demonstrated that the appellant acquiesced in the judgment such that its right to appeal is thereafter abandoned).

The facts of this matter are analogous to *Andrus*; mainly, that the State did not file an opposition and waived its right to appear. As held in *Andrus*, a waiver of the right to appear does not mean that the party acquiesced to the trial

4

court's judgment. Further, a party's intent to acquiesce must be unconditional, absolute, voluntary, and clearly demonstrated. Although a letter from the City to the trial court states that it received written confirmation from the State that it did not oppose the motion, the record is void of any such correspondence. Here, while the State waived its right to appear and did not file an opposition, it did not clearly demonstrate that is acquiesced to the trial court's judgment. Accordingly, the State did not abandon its right to appeal.

We will now proceed to our analysis of whether there is a genuine issue of material fact to warrant a reverse of the trial court's judgment.

### B. Whether the City was entitled to summary judgment as a matter of law

The State puts forth three arguments to support its position that the City is liable and that summary judgment was not warranted because genuine issues of material fact exist. First, the City's insurance policy should cover any driver who drives with the permission of the City. Second, the City is liable because, based on the terms of the agreement, the City was responsible for transporting Mr. Tatney. Third, the State notes that it recently discovered that the City settled a property damage claim with a non-party. The non-party was the driver of the vehicle that was struck by the City's van.

In opposition, the City contends that under Louisiana law, a vehicle owner is not responsible for damages that occur while a third-party is driving. Further, the City argues that based on a plain reading of the agreement, it is not liable for damages that result from negligent conduct by a State employee.

The City also avers that self-insurers, such as itself, are not required to provide "omnibus" coverage that extends to third-party drivers.[1] Last, the City argues that evidence regarding payment of a non-party's vehicle damage was not a part of the record when the trial court issued its judgment. Thus, it should not be considered on appeal.

As an initial point, we note that the record is void of evidence that the City settled a property damage claim involving a non-party's vehicle. Louisiana Code of Civil Procedure Article 2164 states, in pertinent part, "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Since this information was not in the record when the trial court rendered its judgment, we shall not consider it.

On a motion for summary judgment, the burden of proof rests with the mover to point out "the absence of factual support for one of more element essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(C)(2) *amended by* 2015 La. Acts No. 422, § 1. Once the motion for summary judgment has been properly supported by the moving party, the party who bears the burden of persuasion at trial (usually the plaintiff) must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* "The failure of the non-

---

[1]The City notes that it participates in the Louisiana Municipal Risk Management Agency ("LMRMA"). The LMRMA allows participating political subdivisions to pool their resources to create a trust to provide group self-insurance funds. *See Logan v. Hollier*, 424 So.2d 1279 (La.App. 3 Cir. 1982).

moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Hayes v. Autin*, 96-287, p. 7 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694-95, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

At the trial level, the City submitted evidence that Mr. Benoit was not a City employee at the time of the accident. Additionally, a plain reading of the Agreement reveals that the City is held harmless against a State employee's alleged negligent conduct.

The burden then shifted to the State to establish the existence of a genuine issue of material fact. By not filing an opposition at the trial level, the State did not carry its burden. Now, for the first time, the State attempts to rebut the City's position.

Based on the parties' arguments, there are two issues for us to determine on de novo review: (1) whether the terms of the agreement express the parties' intent in a situation such as the present—when a State employee wrecks a City-owned vehicle because of alleged negligent driving and (2) whether the City, which was responsible for providing inmate transportation, was also responsible for providing liability insurance for State-employed drivers.

On the first issue, the subject agreement was a contract between the State and the City.[2] Thus, our interpretation of the agreement is governed by the following principles:

> [W]hen a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law. Interpretation of a contract

---

[2]The terms of the agreement state that "[t]his Contract is made and entered into by and between the Louisiana Department of Public Safety and Corrections, hereinafter referred to as Department and represented by James M. LeBlanc, Secretary, and The City of DeRidder, hereinafter referred to as Agency and represented by Mayor Ron Roberts."

is the determination of the common intent of the parties. The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties. Most importantly, a contract must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance.

*Prejean v. Guillory*, 10-740, pp. 6-7 (La. 7/2/10), 38 So.3d 274, 279 (citations omitted) (internal quotation marks omitted).

The pertinent language of the agreement states that:

[The City] agrees to protect, defend, indemnify, save and hold harmless the State of Louisiana, all State Departments, Agencies, Boards and Commissions, its officers, agents, servants and employees, including volunteers, from and against any and all claims, demands, expense and liability arising out of injury or death to any person or the damage, loss or destruction of any property which may occur or in any way grow out of any act or omission of the [City], its agents, servants, and employees and any and all costs, expense and/or attorney fees incurred by the [City] as a result of any claim, demands and/or causes of action[.]

The agreement then includes an exception for claims of negligence against State employees. After the above language, the agreement states that "except for those claims, demands and/or causes of action, arising out of the negligence of the Department its agents, representatives, and/or employees." The clear and explicit language of the contract indicates that the City is not liable for

8

damages caused by a State employee who engages in alleged acts of negligence. Simply put, the State is responsible for its employees' alleged acts of negligence.

It is undisputed that the City owned the vehicle. It is also undisputed that Mr. Benoit, the driver, was a State employee. The State admits as much in its brief. The City also provided an affidavit with its Motion for Summary Judgment from its mayor, who attests that Mr. Benoit was not a City employee at the time of the accident. Further, Mr. Benoit is alleged to have engaged in negligent conduct that resulted in physical injury to Mr. Tatney. As such, based on the terms of the agreement, the State is liable for any damages caused by Mr. Benoit.

The State cites only one case, *Sensebe v. Canal Indemnity Co.*, 10-703 (La. 1/28/11), 58 So.3d 441, to support its position that the City is liable for providing inmate transportation and liability insurance. The State uses this case for the proposition that the City is required to provide insurance coverage for a third-party driver, such as Mr. Benoit. However, the facts of *Sensebe* are clearly distinguishable from the facts in this case.

There, the plaintiff sued after he was rear-ended by a pick-up truck. The pick-up truck was being operated by an upholstery repair employee who was transporting the truck from the dealership to the upholstery repair shop. The plaintiff sued the truck owner's insurer and the company's insurer. Summary judgment was granted in favor of the truck owner's insurer who argued that the policy's "automobile business exclusion" applied because the truck driver was operating the truck while employed by the upholstery service company. The supreme court reversed. The court held that the policy "automobile business exclusion" was contrary to public policy as it conflicted with La.R.S. 32:900(B)(2),

9

which requires motor vehicle liability policies to cover the insured and any other driver who drives with the permission of the insured. *Id.*

Here, unlike in *Sensebe*, there is a clear agreement between the parties that holds the City harmless from acts of negligence by State employees. Further, contrary to *Sensebe*, the subject vehicle was owned by a self-insured political subdivision. Self-insured political subdivisions, such as the City, are not obligated to provide omnibus insurance coverage that extends to third party drivers. *See Hanson v. Benelli*, 97-1467 (La.App. 4 Cir. 9/30/98), 719 So.2d 627 (holding that political subdivisions are exempt from the requirements of the Louisiana Motor Vehicle Safety Responsibility Law to furnish omnibus insurance coverage, which extends insurance coverage to other persons who use the insured vehicle with the insured express or implied permission, for City-owned vehicles), *writ denied*, 98-2754 (La. 1/8/99), 735 So.2d 632.[3]

Thus, regardless of the City's agreement to transport inmates in its vehicles, a plain reading of the agreement reveals that it was the parties' intent for the City to be held harmless against a State employee's act of negligence. Based on our de novo review, the claims and demands against the City were properly dismissed by the trial court.

---

[3]*See also Hearty v. Harris*, 574 So.2d 1234, 1238 (La.1991) (citation omitted) ("We find no provision in the LMVSRL which expressly requires a self-insured to be responsible for the actions of a person using the vehicle with the express or implied consent of the self-insured or the authorized driver(s). Had the legislature intended for self-insurers to provide omnibus coverage, it could easily have included a mandatory omnibus provision in La.R.S. 32:1042 which details the requirements and obligations of self-insurers. The failure of the legislature to prescribe omnibus liability for self-insurers, while specifically requiring policy holders and those who post security as proof of financial responsibility to provide omnibus coverage, evidences there is no legislative intent to require self-insurers to provide such coverage.").

## C. Whether the City is Entitled to Attorney Fees for a Frivolous Appeal

The City seeks attorney fees pursuant to La.Code. Civ.P. art. 2164 for having to respond to what it considers is a frivolous appeal. It argues that the instant appeal is frivolous as the State previously acquiesced to the trial court's judgment by waiving its appearance and not filing an opposition to the City's motion. It also argues that the State's appeal is based on meritless arguments.

Louisiana Code of Civil Procedure Article 2164 authorizes an appellate court to award a litigant damages for a frivolous appeal. *See also* Uniform Rules—Courts of Appeal, Rule 2-19. However, this article is penal in nature. *Sigler v. Grace Offshore Co.*, 95-357, p. 6 (La.App. 3 Cir. 10/4/95), 663 So.2d 212, 215. Thus, it must be strictly construed. *Id.* Moreover, we note that appeals are favored. *Id.* Thus, damages for a frivolous appeal will not be awarded solely because the appeal lacks merit. *Id.*

Such damages will be awarded only where it is manifestly clear that the appeal was taken for the sole purpose of delay or that counsel for the appellant lacks serious belief in the argument that he is advocating. *Id.* "Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant." *Bottle Poetry, LLC v. Doyle Rest. Grp. Franchise Co., LLC*, 13-406, p. 8 (La.App. 4 Cir. 1/15/14), 133 So.3d 60, 67, *writ denied*, 14-335 (La. 4/11/14), 138 So.3d 606.

Here, we find that the State lacks serious belief in the argument that it advocates. It failed to provide any countervailing evidence or argument to rebut the affidavit submitted by the City's mayor, who attested that the driver of the vehicle was not a City employee at the time of the accident. By failing to do so, it

11

was impossible for the State to meet its burden of production of evidence. Further, the State did not articulate any argument at the trial level in that it failed to appear at the hearing. On appeal, its argument failed to raise a legitimate ground for reversal and did not direct the court to neither a genuine issue of material fact nor an error of law that would advance its interest. In fact, its arguments are intellectually tenuous. The weakness of the State's position is highlighted by its reference to post-hearing evidence and proceedings which have no place in an appellate court. Accordingly, we grant the City's request for attorney fees. We find that $3,500 in attorney fees is appropriate and justifiable under these circumstances.

V.

## CONCLUSION

Based on the foregoing, the judgment of the trial court granting summary judgment in favor of the City of DeRidder is affirmed. Costs of this appeal in the amount of $1,214.95 are assessed to Defendants-Appellants, the State of Louisiana, through the Department of Public Safety and Corrections, and Master Sergeant Roger Benoit. Defendants-Appellants are also ordered to pay the City of DeRidder attorney fees in the amount of $3,500.

**AFFIRMED.**