# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-67

**SONJA DEVI ELLIS**

**VERSUS**

**TIMOTHY J. HEINZEN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 20-C-1313-C
HONORABLE LEDRICKA THIERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Pickett, J., dissents and assigns written reasons.**

Stan Gauthier, II
A Law Corporation
1405 West Pinhook Road, Suite 105
Lafayette, La 70503
(337) 234-0099
COUNSEL FOR PLAINTIFF/APPELLANT
    Sonja Devi Ellis

Lee A. Archer
Law Office of Lee A. Archer, APLC
1225 Rustic Lane
Lake Charles, LA 70605
(337)30 4-6767
COUNSEL FOR PLAINTIFF/APPELLANT
    Sonja Devi Ellis

Philip C. Kobetz, Ltd.
A Professional Law Corporation
Post Office Box 80275
Lafayette, LA 70598-0275
(337) 291-1990
COUNSEL FOR DEFENDANT/APPELLEE
    Timothy J. Heinzen

**KYZAR, Judge.**

This case involves the partition of property owned by former spouses who had entered into a separate property regime prior to marriage. The plaintiff, Sonja Devi Ellis, appeals two interlocutory judgments and a final judgment regarding her claims for reimbursement of mortgage, tax, insurance, and repair payments, as well as expenses she paid while living in the co-owned family home following the divorce. For the reasons set forth herein, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Ms. Ellis and the defendant, Timothy J. Heinzen, married on April 13, 2013. Prior to marriage, they entered into a prenuptial matrimonial agreement establishing a separate property regime, as provided for in La.Civ.Code art. 2329. The matrimonial agreement contained the following provision, designated as clause 10:

> It is the intention of each party to this agreement that neither will have an economic claim on the other at the termination of this marriage, including without limitation, claims for reimbursement of donations, loans, or expenses of the marriage unless otherwise agreed in an authentic act signed by each spouse or act under private signature duly acknowledged by each spouse.

During the course of the marriage, the parties jointly acquired a house on approximately ten acres of land, with appurtenances thereon, which became the family home (the property). After they purchased the property, they jointly borrowed funds to balance the amount each paid with their separate funds to purchase the property.[1]

On March 30, 2020, Ms. Ellis filed suit for divorce pursuant to La.Civ.Code art. 102. Mr. Heinzen answered and reconvened for a divorce, with incidental demands for exclusive use and occupancy of the property or, alternatively, that Ms.

---

[1] Mr. Heinzen asserts that he initially paid $2,007.66 more than Ms. Ellis but acknowledges that the proceeds of the loans they obtained reimbursed the parties for the amounts they paid to buy the home.

Ellis be ordered to pay him a reasonable rental for her exclusive use of the property, as provided by La.R.S. 9:374(B), (C). A hearing-officer conference occurred on July 9, 2020, on Mr. Heinzen's request for exclusive use of the property. The hearing officer recommended that Ms. Ellis have exclusive use of the property during the pendency of the divorce proceedings and that Mr. Heinzen's request for rental reimbursement be deferred until the property was partitioned.

Ms. Ellis then filed an exception of no cause of action as to Mr. Heinzen's reconventional demand, asserting that pursuant to the parties' matrimonial agreement Mr. Heinzen had no cause of action for rental reimbursement, citing clause 10 of the agreement, as set forth above. She also objected to the hearing officer's recommendation that Mr. Heinzen be granted a rental reimbursement claim on the same basis.

During the July 24, 2020 hearing on the motions, Mr. Heinzen's alternative rental-reimbursement claim, and on Ms. Ellis' exception of no cause of action, the following colloquy occurred between the trial court, counsel, and the parties:

**THE COURT:**

Ms. Ellis pursuant to conversation with your counsel and counsel of Mr. Heinzen, Mr. Kobetz who is present in court also spoke with them in chambers [sic] it is my understanding and is [sic] your understanding that we have an agreement at this point that you would have use of the home, pay the monthly mortgage, and that the soon to be ex-husband would waive reimbursement? Is that your understanding? He waives rental you waive reimbursement? Is that your understanding?

**MS. ELLIS:**

Yes sir.

. . . .

**THE COURT:**

Is it also your understanding and you agree also as well, pursuant to my conversation with both lawyers present and the lawyers and they [sic] lawyers present conversation with each other that your soon to be

2

ex-wife would have use of the home, pay the monthly mortgage, you all each would waive your claims for reimbursement and rental?

**MR. HEINZEN:**

Yes, Your Honor.

**THE COURT:**

Thank you that's the order of the court at this time.

**MR. KOBETZ:**

I'll prepare the judgement your honor and ill [sic] submit it to opposing counsel.

**THE COURT:**

Thank you.

Thereafter, the trial court rendered the formal judgment on August 14, 2020,

which was approved as to form and to content by signature of each of the parties'

counsel. The judgment includes the following:

When after considering the law, the evidence, and the stipulations of the parties entered on the record in Open Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Exception of No Cause of Action filed by SONJA DEVI ELLIS is denied.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, based upon the stipulations of the parties, that SONJA DEVI ELLIS be, and she is awarded the exclusive use and occupancy of the former family home and property located at 867 I-49 Frontage Road, Sunset, Louisiana 70584, pending partition of that property.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, based upon the stipulations of the parties, that SONJA DEVI ELLIS shall pay the monthly mortgage note secured by the former family home pending partition of that property.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, based upon the stipulations of the parties, that SONJA DEVI ELLIS waives her right to seek reimbursement from TIMOTHY J. HEINZEN for her payments of the monthly mortgage note secured by the former family home pending partition of that property, and TIMOTHY J. HEINZEN waives his right to receive rental

3

reimbursement from SONJA DEVI ELLIS for her exclusive use of the former family home pending partition of that property.

The parties were divorced by judgment rendered on October 26, 2020. Mr. Heinzen then filed a motion to determine the application and effect of the parties' matrimonial agreement on their ownership interests in the property. At the hearing on that motion held on December 18, 2020, Mr. Heinzen argued that the parties each owned a 50% interest in the property, and Ms. Ellis urged that she owned a greater interest in the property because she had paid more mortgage payments on the property. Mr. Heinzen countered that the matrimonial agreement prohibited Ms. Ellis' claim.

Following the hearing, the trial court concluded that Ms. Ellis' ownership interest in the property did not increase as a result of her paying the mortgage notes secured by the property and ordered "that the parties own the family home equally and neither party may seek reimbursement from the other of any mortgage payments." Ms. Ellis filed a writ application with this court seeking supervisory review of the trial court judgment. On July 6, 2021, a panel of this court denied the writ application. *Ellis v. Heinzen*, 21-103 (La.App. 3 Cir. 7/6/21) (unpublished writ denial).

On September 28, 2021, the trial court held a hearing to partition the property. Mr. Heinzen asked the trial court to order that the property be partitioned by private sale, while Ms. Ellis asked that it be sold at public auction and to have the issues incidental to the partition, including her claims for reimbursement, tried at that time. The trial court denied Ms. Ellis' request. On October 18, 2021, the trial court issued a written judgment ordering that the property be sold at private sale in accordance with the specific terms laid out and that each party receive one-half of the "'net

4

proceeds'" of the sale, as defined therein. It is from these judgments that Ms. Ellis appeals.

On appeal, Ms. Ellis assigns the following assignments of errors:

I.      The district court erred in its final judgment and interlocutory rulings holding that plaintiff was not entitled to reimbursement of mortgage payments, taxes, insurance repairs and expenses she incurred in maintaining co-owned property for over two years after defendant abandoned the family home.

II.     The district court erred in its final judgment and interlocutory rulings in failing to apply partition law and instead holding that the expired prenuptial agreement between the parties required a 50/50 split of the net price of real property purchased after the marriage that was owned in indivision.

III.    The district court erred in its final judgment and interlocutory rulings holding that plaintiff waived or stipulated away her right to reimbursement based upon inadmissible early settlement negotiations.

IV.     The district court erred during the trial in finding that this court's writ denial on plaintiff's application for supervisory writs challenging the December 18, 2020 interlocutory ruling was a decision on the merits of an "appeal" that barred reconsideration of that ruling.

V.      The district court erred during the trial in refusing to admit or permit a proffer of most of plaintiff's evidence regarding mortgage payments and expenses incurred for the co-owned property.

VI.     The district court erred in charging plaintiff with costs.

## DISCUSSION

### *Claim for Reimbursement*

In her first three assignments of error, Ms. Ellis argues that the trial court erred in holding that she was not entitled to reimbursement of the mortgage, tax, insurance, and repair payments she made as well as the expenses she incurred in maintaining the property after she was granted exclusive use. She further argues that the trial court erred in relying on the "expired" matrimonial agreement rather than on partition law in holding that the agreement required a 50/50 split of the sale price of

5

the property. Finally, Ms. Ellis argues that the trial court erred in holding that she waived or stipulated away her right to reimbursement for the payments she made and the expenses she incurred. We find that all of these assignments are interrelated and, thus, will address them together.[2]

Ms. Ellis asserts that the applicable standard of review herein is *de novo* because the trial court committed legal errors that were prejudicial to her. *See Noel v. Noel*, 15-37 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, *writ denied*, 15-1121 (La. 9/18/15), 178 So.3d 147. She argues that the facts herein are not in dispute, and the only issues presented by the parties' claims are legal. Mr. Heinzen counters that the trial court rendered its rulings and judgments after considering the facts presented by the parties; therefore, the rulings and judgment are subject to the manifest error standard of review.

Legal error occurs when the trial court applies incorrect legal principles that are prejudicial, and those errors are reviewed on appeal *de novo*. *Chambers v. Village of Moreauville*, 11-898 (La. 1/24/12), 85 So.3d 593. However, a trial court's findings of fact are not to be reversed unless they are manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Additionally, if there is a conflict in the testimony on which the factfinder' findings are based, this court should not disturb the trial court's reasonable evaluations of credibility and reasonable inferences of fact. *Id.*

"A trial court has broad discretion in adjudicating issues raised by divorce and partition" of the marital property, including the reimbursements claimed by either spouse. *Pierce v. Pierce*, 19-689, p. 11 (La.App. 1 Cir. 2/21/20), 298 So.3d 902,

---

[2] Because the December 18, 2020 judgment was interlocutory in nature, it was subject to revision "at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." La.Code Civ.P. art. 1915(C). Since we do address the merits of the December 18, 2020 judgment, we need not address Ms. Ellis' fourth assignment of error directly.

6

910. "Reimbursements are factual determinations and absent an abuse of discretion, the trial court's decision should not be disturbed on appeal." *Id.* at 911.

In her brief, Ms. Ellis argues that the major dispute between the parties is whether she is entitled to reimbursement out of Mr. Heinzen's virile share for the substantial sums she expended in paying the mortgage, insurance, and tax payments, and in maintaining the property.[3] She argues that the trial court inequitably refused to reimburse her for these expenses, which she incurred during the more than two-year period between the time Mr. Heinzen left the family home and the partition hearing. Ms. Ellis further claims that the trial court legally erred by applying the terms of the matrimonial agreement's separate property clause, which she argues was terminated by virtue of the divorce. Rather, she argues that the trial court should have applied property law, which requires reimbursement of a co-owner's virile share of expenses after the partition of property that is owned in indivision. Finally, she argues that the trial court committed legal error by enforcing the stipulation that she would waive her claim for reimbursement of the sums expended. We disagree with Ms. Ellis' arguments on all counts.

In claiming that the trial court should have applied the laws pertaining to the partition of co-owned property, without considering the property rights as set out in the matrimonial agreement, Ms. Ellis relies on the rationale of *Wells v. Wells*, 12-315 (La.App. 5 Cir. 1/16/13), 109 So.3d 45, *writ denied*, 13-396 (La. 4/1/13), 110 So.3d 590. In that case, the fifth circuit held that a former spouse, who was awarded use and occupancy of the former marital home, was entitled to reimbursement of

---

[3] We note that Ms. Ellis' claims for reimbursement for insurance payments, taxes, and maintenance expenses for the property were not argued below and were not addressed by the trial court judgment. As such, those claims will not be considered. We will only address her claim for reimbursement of the mortgage payments made by her. "As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal." *Mendoza v. Grey Wolf Drilling Co., LP.*, 46,438, p. 15 (La.App. 2 Cir. 6/22/11), 77 So.3d 18, 27, *writ denied*, 11-1918 (La. 11/14/11), 75 So.3d 943.

amounts expended on mortgage, insurance, and tax payments where the parties were under a separate property regime and had purchased the property as co-owners in indivision. She further cites to *St. Germain v. St. Germain*, 20-146 (La.App. 4 Cir. 3/17/21), 315 So.3d 443, where the trial court held that the former spouse, who had use and occupancy and paid mortgage payments on a co-owned home, was entitled to reimbursement from the other spouse. Finally, she cites to *Hill v. Hill*, 08-197 (La.App. 5 Cir. 5/27/08), 984 So.2d 229, *writ denied*, 08-1714 (La. 10/24/08), 992 So.2d 1025, where the former spouse was allowed a reimbursement claim for his virile share of payments made on joint debts with his separate funds. However, we find that none of these cases involved a matrimonial agreement where the spouses waived reimbursement from the other for expenses of the marriage following the marriage's termination.

The trial court considered the language of the matrimonial agreement as to the waiver of reimbursement and expense clause. The parties here were bound by the terms of their matrimonial agreement. "Spouses may enter into a matrimonial agreement before or during marriage as to all matters that are not prohibited by public policy." La.Civ.Code art. 2329. "A matrimonial agreement *is a contract* establishing a regime of separation of property or modifying or terminating the legal regime." La.Civ.Code art. 2328 (emphasis added).

> In interpreting contracts, we are guided by the general rules contained in articles 2045-2057 of the Louisiana Civil Code. The interpretation of a contract is the determination of the common intent of the parties with courts giving the contractual words their generally prevailing meaning unless the words have acquired a technical meaning. La.Civ.Code arts. 2045, 2047; *see e.g.*, *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, 93-0911 (La.1994), 630 So.2d 759, 763. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La. Civ.Code art. 2046.

*Campbell v. Melton*, 01-2578, p. 6 (La. 5/14/02), 817 So.2d 69, 74-75.

8

The terms of this contract are clear and unambiguous: "It is the intention of each party to this agreement that neither will have an economic claim on the other at the termination of this marriage[.]" The waiver of reimbursement claims by these spouses is not against public policy. *Birch v. Birch*, 45,702 (La.App. 2 Cir. 11/3/10), 55 So.3d 796, *writ denied*, 10-2670 (La. 1/28/11), 56 So.3d 959. "The entire marriage contract is a valid commutative contract based on valid consideration with each party giving up certain benefits and in return obtaining other benefits." *Fielding v. Van Geffen*, 473 So.2d 317, 318 (La.App. 1 Cir.), *writ denied*, 477 So.2d 715 (La.1985). If "there is no ambiguity in terms of the agreement," it is valid and enforceable after the termination of the marriage as to provisions intended to have effect relative to property or rights acquired during the marriage. *Id.* Because the trial court's judgment merely enforced this binding, unequivocal contract language, it did not commit an error of law, nor was it manifestly erroneous.

The trial court's interlocutory and final judgments were based, at least in part, on the stipulations of the parties entered in open court and the acknowledgement by counsel for the parties as to the stipulations, as shown by the approval of the form and content of the judgment by counsel. While Ms. Ellis argues that there was no compromise agreement prior to the July 24, 2020 stipulations and that the trial court erred in allowing the introduction of emails pertaining to the settlement negotiations, that point is neither disputed nor necessary for resolution of the issue at hand.

It is clear from this record that the parties entered into a stipulation in open court where each party stated unequivocally that they waived their claims for reimbursement against the other party. When asked by the trial court if she agreed that she "would have use of the home, pay the monthly mortgage, and that the soon to be ex-husband would waive reimbursement[,]" and if "[h]e waives rental you waive reimbursement[,]" Ms. Ellis responded, "Yes sir." When Mr. Heinzen was

asked by the trial court if "your soon to be ex-wife would have use of the home, pay the monthly mortgage, you all each would waive your claims for reimbursement and rental[,]" he replied, "Yes, Your Honor." The judgment reflecting these stipulations was prepared by counsel for Mr. Heinzen and submitted to counsel for Ms. Ellis, with both counsel indicating by their signature that they approved the judgment as to form and content, before being signed by the trial court.

> A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. *Placid Oil Company v. A.M. Dupont Corporation*, 244 La. 1075, 156 So.2d 444 (1963). Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. *Wickliffe v. Cooper and Sperrier*, 161 La. 417, 108 So. 791 (1926). Such agreements are the law of the case.

*R.J. D'Hemecourt Petroleum, Inc. v. McNamara*, 444 So.2d 600, 601 (La.1983) (footnote omitted), *cert. denied*, 469 U.S. 820, 105 S.Ct. 92 (1984).

We find no legal error nor manifest error in the trial court's factual findings in this decision. Accordingly, the trial court's judgment denying reimbursement for mortgage expenses paid or allegedly paid by Ms. Ellis, as well as its judgment ordering the even division of the net proceeds of the partition sale of the property between the parties, is affirmed.

**Proffer**

Ms. Ellis argues that the trial court erred in refusing to allow her to proffer evidence of mortgage payments and other expenses for which she claims reimbursement during the September 28, 2021 hearing. Pursuant to La.Code Civ.P. art. 1636(A), once the trial court refused to allow Ms. Ellis to introduce evidence substantiating her reimbursement claims, it was required to allow her the option of proffering the evidence or making a statement on the record setting forth the nature of the evidence. A proffer is meant to preserve excluded evidence so that appellate courts can review it when a trial court makes an erroneous ruling. *Cantrelle v. Lafourche Par. Council*, 21-678 (La.App. 1 Cir. 2/1/22), 340 So.3d 1059.

10

Mr. Heinzen argues the trial court did not err in denying Ms. Ellis' proffer. His argument is based, in part, on the matrimonial agreement and the trial court's judgments denying Ms. Ellis' right of reimbursement for amounts expended by her. Having affirmed the trial court's decision as to those provisions, we find that Ms. Ellis' allegation of error as to the exclusion of the proffered evidence is rendered moot.

*Costs*

Lastly, Ms. Ellis assigns error with the trial court's assessment of all court costs to her. "Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." La.Code Civ.P. art. 1920. The trial court has much discretion in assessing costs, and we will not reverse a judgment assessing court costs unless we find the trial court abused that discretion. *Trahan v. Plessala*, 14-795 (La.App. 3 Cir. 2/4/15), 158 So.3d 209. Having affirmed the trial court's judgement in its entirety, we find no error in the assessment of costs to Ms. Ellis.

### DECREE

For the reasons provided herein, the judgment of the trial court is affirmed in its entirety. All costs of this appeal are assessed to Sonja Devi Ellis.

**AFFIRMED.**

SONIA DEVI ELLIS

VERSUS

TIMOTHY J. HEINZEN


**Pickett, dissents.**

The basis of this appeal is the trial court's judgment dated August 14, 2020, which followed a hearing held July 24, 2020. In her appeal, Ms. Ellis argues that her intent at the July 24, 2020 hearing was to waive her right of reimbursement of payments she made on the parties' separate debt until the date of the divorce, not until the separate property secured by that debt was partitioned. She appeals the inclusion of the phrase "pending partition of that property" in the provision of the judgment that reads, she "waives her right to seek reimbursement from [Mr. Heinzen] for her payments of the monthly mortgage note secured by the former family home pending partition of that property." The majority determines a provision of the parties' marital agreement which reads, in part: "It is the intention of each party to this agreement that neither will have an economic claim on the other at the termination of this marriage[,]" governs the determination of whether or not Ms. Ellis waived her right to reimbursement of payments she made on the separate debt incurred by the parties during the marriage after the parties divorced but before the property securing the debt was partitioned.

At the outset of the July 24, 2020 hearing, the parties disputed whether a March 2020 email by Ms. Ellis' counsel to Mr. Heinzen's counsel settled the issues before the court. The trial court initially ruled it did. However, the trial court,

counsel, and the parties then engaged in discussions off the record about Ms. Ellis' sole occupancy of the family home and payment of the mortgage during her occupancy and Mr. Heinzen's waiver of rent during her occupancy. The parties indicated they had reached an agreement, and the trial court had them sworn and questioned them as to their agreement on the issues presented. During their testimony, the parties agreed that Ms. Ellis would have exclusive use of the home and pay the monthly mortgage and that Mr. Heinzen would waive his rental reimbursement.

As evidenced by the excerpt quoted by the majority, the trial court did not ask either party how long they intended the agreement to remain in force. Specifically, the trial court did not ask Ms. Ellis if she intended to waive reimbursement of the mortgage payments she made on the property until the property was partitioned, and she did not indicate in her testimony that she intended to waive reimbursement of those payments until the property was partitioned. Nonetheless, the judgment the trial court signed following the hearing includes the phrase "pending partition of that property."

Ms. Ellis contends the trial court erred in both finding that the March 27, 2020 email represented a "settlement" by the parties and signing a judgment that includes the phrase "pending partition of that property" when the parties did not stipulate to that provision in the email or in their testimony. She argues the parties did not agree or stipulate to include that phrase in the judgment, and it should not be enforced. Mr. Heinzen counters the judgment cannot be modified on appeal because it documents a stipulation made on the record by the parties. He further cites La.Code Civ.P. art. 2085 to argue that because Ms. Ellis' attorney signed the

2

judgment below the phrase "**APPROVED AS TO FORM AND CONTENT**" it constitutes a judicial confession that cannot be appealed.

Louisiana Code of Civil Procedure Article 2085 states, in part: "An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." Appeals are favored, and the party seeking to enforce a judgment has a heavy burden to show that a party the challenging the judgment acquiesced in it for purposes of La.Code Civ.P. art. 2085. *Succession of Franz*, 238 La. 608, 116 So.2d 267 (1959). Acquiescence in a judgment that would preclude an appeal "'is never presumed and must be established by evidence that leaves no doubt of the required intent.'" *Tatney v. City of Deridder*, 16-395, p. 4 (La.App. 3 Cir. 11/16/16), 206 So.3d 1207, 1210 (quoting *Vincent v. State Farm Mut. Auto. Ins. Co.*, 95-1538, p. 3 (La.App. 3 Cir. 4/3/96), 671 So.2d 1127, 1129). The record shows Ms. Ellis' in-court stipulations did not include the phrase "pending partition of that property." Therefore, she did not acquiesce in that phrase being included in the judgment and is not precluded from appealing that portion of the judgment.

When part of a judgment does not accurately reflect the intent of the parties as evidenced by the record, that part of the judgment does "not constitute part of the agreement between the [parties] and must be removed to reflect the parties' intent." *Reon v. Reon*, 07-1277, p. 3 (La.App. 3 Cir. 4/2/08), 982 So.2d 210, 212, (citing *Conrad v. Conrad,* 497 So.2d 22 (La.App. 5 Cir.1986). Accordingly, the phrase, "pending partition of that property" should be removed from the judgment as it pertains to that provision addressing her right to reimbursement.

A matrimonial agreement governs the spouses until the marriage is terminated, unless the parties terminate it or replace it with a new one. *See*

3

La.Civ.Code. arts. 2325 and 2328; s*ee also* 16 Andrea Carroll and Richard D. Moreno, *Matrimonial Regimes* § 8.2, n.8 (5th ed. 2021). As a result, the parties' matrimonial agreement governed any claims arising from their co-ownership of the property during the marriage, and the laws governing co-ownership govern such claims after the marriage was terminated. The parties' marital agreement terminated October 26, 2020, the date the parties' divorce judgment was signed. Thereafter, the laws of co-ownership and solidary obligations govern the parties' rights and claims against each other with regard to the property. Accordingly, the parties' separate obligations were governed by the Louisiana Civil Code.

The clear wording of the marital agreement provision at issue shows it ended "at the termination of the marriage"; therefore, it did not extend beyond the termination of the marriage as the majority determines. Nonetheless, the majority concludes the marital agreement alone governed the parties' claims that existed *at the time the marriage terminated* as well as all claims that arose *after the marriage terminated*. For these reasons, I disagree with the majority's determination that Ms. Ellis' stipulated to waive her right to reimbursement of mortgage payments she paid after the marriage and the marriage contract terminated and until the partition of the property.

The trial court's December 18, 2020 judgment and October 18, 2021 judgment are based on the trial court's August 14, 2020 judgment. Accordingly, I would also reverse the provisions of those judgments that provide "neither party may seek reimbursement from the other for any mortgage payments" and "the parties shall each receive one-half (½) of the 'net proceeds' of that sale" when the property is sold, respectively.

4

Ms. Ellis also assigns error with trial court's refusal to allow her to proffer evidence of mortgage payments and other expenses for which she claims reimbursement during the hearing held September 28, 2021, and assigning all costs of this proceeding to her. Pursuant to La.Code Civ.P. art. 1636(A), once the trial court refused to allow Ms. Ellis to introduce evidence substantiating her reimbursement claims, the court was required to allow her the option of proffering the evidence or making a statement on the record setting forth the nature of the evidence. A proffer is meant to preserve excluded evidence so appellate courts can review it when a trial court has made an erroneous ruling. *Cantrelle v. Lafourche Par. Council*, 21-678 (La. App. 1 Cir. 2/1/22), 340 So.3d 1059. For the reasons discussed above, I would find the trial court erred in refusing to allow Ms. Ellis to proffer evidence of all her mortgage payments and other expenses.

The trial court has much discretion in assessing costs under La.Code Civ.P. art. 1920, and we will not reverse a judgment assessing court costs unless we find the trial court abused that discretion. *Trahan v. Plessala*, 14-795 (La.App. 3 Cir. 2/4/15), 158 So.3d 209. Because I believe the majority of Ms. Ellis' assigned errors have merit and would reverse portions of the trial court's interlocutory and final judgments as a result of her appeal, I would also find the trial court erred in assessing costs to Ms. Ellis and assess all costs to Mr. Heinzen.

For the foregoing reasons, I respectfully dissent.

5